# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| WILLIAM ALBERTO AROCHA JR., <br><br> Plaintiff, <br><br> v. <br><br> CECELIA BLACKMAN and BLACKFEET TRIBE, <br><br> Respondents. | **CV-22-115-GF-BMM** <br><br> **ORDER** |

## INTRODUCTION

William Alberto Arocha Jr. ("Arocha") filed an amended petition for habeas corpus by Indian person in tribal custody, pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241(c)(3), on May 2, 2023. (Doc. 10.) Arocha named Cecilia Blackman ("Blackman") and the Blackfeet Tribe ("Blackfeet Nation") as respondents. (Doc. 10.) Blackman filed a motion to dismiss petition for writ of habeas corpus on August 29, 2023. (Doc. 22); (Doc. 32.) Blackfeet Nation filed a motion for judgment on the pleadings on September 6, 2023. (Doc. 24.) Arocha opposes both motions. (Doc. 29); (Doc. 30.) The Court denies Blackfeet Nation's motion for judgment on the pleadings. The Court will consider Arocha's amended petition for habeas corpus in

an additional order. The Court will consider Blackman's motion to dismiss petition for writ of habeas corpus in an additional order.

## FACTUAL BACKGROUND

Arocha was convicted of Voluntary Manslaughter in the case *United States v. Arocha*, 4:17-cr-58-BMM-1 ("*Arocha I*"). Arocha was sentenced on September 4, 2018, to 56 months of incarceration with two years of supervised release, a $100.00 special assessment, and $4,271.00 in restitution. *Arocha I* (Doc. 107.) Arocha was also convicted following a jury trial in Blackfeet Tribal Court of one count of assault and one count of criminal endangerment. (Doc. 10 at 2.) The Blackfeet Tribal Court sentenced ("*Arocha II*") Arocha to one year incarceration and a $500.00 fine on count 1, nine months incarceration and a $1,000 fine on count 2, and $775,000 in restitution. (*Id.*) These sentences were set to run consecutively. (*Id.*) Arocha was released from federal custody on August 31, 2022. (*Id.* at 3.) He was taken into custody by the Pine County Sheriff's Department and held for transportation to Browning, Montana. (*Id.*) From Browning, Arocha was transferred to a carceral institution in Oklahoma. Arocha previously was held in custody in Dewey County Jail, located in Taloga, Oklahoma. Arocha is now being held in the Rocky Mountain Regional Detention Facility in Hardin, Montana. (Doc. 29 at 3.)

The convictions in *Arocha I* and *Arocha II* arose from the same altercation in East Glacier, Montana. (Doc. 10 at 4.) On the night of Arocha's father's wedding,

Arocha and Shane LaPlante ("LaPlante") got into an altercation. (*Id.*) Arocha stabbed LaPlante in the chest at least once, and then chased LaPlante and stabbed him at least 17 additional times. (*Id.* at 5.) LaPlante died from his injuries. (*Id.*)

Arocha was tried in Blackfeet Tribal Court in *Arocha II* beginning on October 24, 2017. (*Id.*) Arocha was not present for the trial, as he was in federal custody, but he was represented by Thane Johnson. (*Id.*) Arocha was convicted on one count of assault and one count of criminal endangerment. (*Id.*) Neither Arocha nor Johnson attended Arocha's sentencing hearing, which occurred on November 8, 2017. (*Id.* at 6.)

Arocha claims to have filed a writ of habeas corpus in Blackfeet Tribal Court on September 14, 2022. (*Id.* at 7.) Arocha challenged the authority of Blackfeet Nation to place a hold on his release from federal prison. (*Id.*) The Blackfeet Court of Appeals denied Arocha's position on the grounds that Judge Pepion's 2017 sentence clearly stated the sentence was "not to run concurrent with the federal sentence." (*Id.* at 8.) Arocha then filed a motion for a new trial, or, in the alternative, for relief from judgment, under Rules 54 and 55(b) of the Blackfeet Rules of Civil Procedure. (*Id.*) This motion was denied on the grounds that the Blackfeet Rules of Criminal Procedure, rather than the Blackfeet Rules of Civil Procedure, controlled Arocha's criminal trial. (*Id.* at 10.)

On November 17, 2022, the Blackfeet Tribal Court held a re-sentencing hearing that Arocha and his new attorney, Dave Gordon, attended. Judge Pepion imposed the same sentence on Arocha: one-year incarceration and a $5,000 fine for the assault conviction, nine months incarceration and $1,000 fine for the negligent endangerment conviction, and restitution of $775,000. (*Id.* at 10.) Arocha also received credit for 78 days of time served. (Doc. 22 at 2.) Judge Pepion imposed the carceral sentences to run consecutively. (Doc. 10 at 10.)

## LEGAL BACKGROUND

Arocha filed a petition for writ of habeas corpus on December 13, 2022. (Doc. 1). Arocha's first habeas corpus petition was filed and signed by Yvonne DeMontiney ("DeMontiney"), not Arocha. (*See id.*) DeMontiney filed a motion for expedited hearing on December 19, 2022. (Doc. 2.) The Court struck DeMontiney's motion for an expedited hearing on December 27, 2022. (Doc. 3.) The Court directed Arocha to sign the first petition for writ of habeas corpus by January 31, 2023. (*Id.*) Arocha instead filed a subsequent petition for writ of habeas corpus on January 30, 2023. (Doc. 5.) The second petition was amended and resulted in Arocha's amended petition for a writ of habeas corpus. (Doc. 10.)

## STANDARD OF REVIEW

Pursuant to the Federal Rule of Civil Procedure 12(c) "[a]fter the pleadings are closed but within such time as to not delay the trial, any party may move for

judgment on the pleadings." To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Court must assume the truthfulness of the material facts alleged in the complaint. *Id.* All reasonable inferences from the material facts alleged in the complaint must be construed in favor of the nonmoving party. *Id.*

Section 1303 of Title 25 of the U.S. Code, as part of the Indian Civil Rights Acts ("ICRA"), extends the writ of habeas corpus to any person to challenge the legality of their detention by order of an Indian tribe. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). A court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the laws or treaties of the United States." 28 U.S.C. 2241(c)(3).

## DISCUSSION

### A. Whether the Court Possesses Jurisdiction over Arocha's Petition for Writ of Habeas Corpus.

The petitioner must file a § 2241 petition in the district that has jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). "Jurisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, F.2d 353, 354 (9th Cir. 1990). When a petitioner attacks the validity of an underlying detention order, venue is proper in the state where the

detainer was issued. *Romero v. Goodrich*, No. 1:09-CV-232 RB/DJS, 2010 WL 8983216, at *6 (D.N.M. Mar. 9, 2010), report and recommendation withdrawn, No. 1:09-CV-232 RB/DJS, 2010 WL 9450759 (D.N.M. Sept. 22, 2010) (rev'd on grounds of mootness). "A petition for habeas corpus under ICRA is by definition a means to test the legality of a detention order." *Id.*

Arocha's petition for writ of habeas corpus was brought pursuant to ICRA. (*See* Doc. 10); (Doc. 15.) Arocha challenges the legality of the Blackfeet Tribal Court's detention order. (*See id.*) The Court finds the logic of *Romero* to be persuasive. The petitioner in *Romero* challenged the legality of a detention order issued by a tribal court in New Mexico when the petitioner was held in a facility in Colorado. No. 1:09-CV-232 RB/DJS, 2010 WL 8983216 at *2. The U.S. Magistrate Judge in *Romero* concluded that where the tribal entity properly had been served and the tribal entity resided within the jurisdiction of the court, the court retained jurisdiction over the writ of habeas corpus action, even when the petitioner was incarcerated outside of the court's territorial jurisdiction. *Id.* at *6. The U.S. District Court declined to adopt the U.S. Magistrate Judge's findings in *Romero* because the Pueblo Tribe had commuted Romero's tribal sentence to time served and issued a release order relinquishing authority over him. *Romero v. Goodrich*, No. 1:09-CV-232 RB/DJS, 2010 WL 9450759, at *1 (D.N.M. Sept. 22, 2010).

Arocha was similarly held out of state, in Oklahoma, but was held on the authority of the Blackfeet Tribal Court. The Blackfeet Tribal Court issued its writ of detainer in Montana. (*See* Doc. 10 at 7.) Blackfeet Nation, and the Blackfeet Tribal Court, exist within the Court's territorial jurisdiction. The Court has jurisdiction to consider the validity of the detention order issued by Blackfeet Nation and the Blackfeet Tribal Court.

### B. Whether Arocha Named the Correct Respondents.

Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus shall be directed to the persons having custody of the person detained. The "persons having custody of the person detained," is the person with the ability to produce the prisoner's body before the court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The default rule is that the proper respondent is the warden of the facility where the prisoner is being held, also known as the "immediate custodian." *Id.*

Courts have recognized an exception to the "immediate custodian" rule in cases where the warden is not "the person who holds [the petitioner] in what is alleged to be unlawful custody." *Braden*, 410 U.S. at 494-95. In such a case, the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438 (citing *Braden*, 410 U.S. at 494-95*); see Bender v. Ohio*, 2007 WL 2363151 (E.D. Ky. 2007) ("Here, venue is appropriate either in Ohio, where Petitioner was sentenced and convicted, or in

7

Kentucky, where Petitioner is currently detained. However, the convenience of the parties and the witnesses, and the interest of justice, would best be served by transferring this case to the United States District Court for the Northern District of Ohio."); *see also Holder v. Curley*, 749 F. Supp. 2d 644, 647 (E.D. Mich. 2010).

Blackfeet Nation, through the Blackfeet Tribal Court, is the entity that exercises legal control over Arocha. Arocha was taken into custody by the Pine County Sheriff's Department pursuant to an order of detention from the Blackfeet Tribal Court. (Doc. 10 at 3.) Blackfeet Nation is the correct respondent.

### C. Whether Blackfeet Nation Meets its Burden for its Motion for Judgment on the Pleadings.

"A defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). In resolving a Rule 12(c) motion, a court may consider: 1) the complaint and answer; 2) any documents attached to or mentioned in the pleadings; 3) documents not attached but "integral" to the claims; and 4) matters subject to judicial notice. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2nd Cir. 2011).

Blackfeet Nation argues that Arocha failed to exhaust tribal court remedies before filing his petition for writ of habeas corpus. (Doc. 24 at 4.) Blackfeet Nation also argues that Arocha's Blackfeet tribal court sentence was proper. (*Id.* at 7-11.)

The procedural history of *Arocha II* is complex. Arocha was sentenced on November 8, 2017, *in absentia* and without the presence of counsel. (*See* Doc. 10 at 6.) Arocha subsequently was resentenced by the Blackfeet Tribal Court, though it remains unclear why the Blackfeet Tribal Court resentenced Arocha or under what rule of Blackfeet criminal procedure the resentencing occurred. (*See* Doc. 10-1 at 39-40.) Following the resentencing, Arocha filed a notice of appeal with the Blackfeet Tribal Court on December 5, 2022. (*See id.* at 41.) The Blackfeet Tribal Court summarily denied Arocha's appeal on June 21, 2023. *William Arocha Jr. v. Blackfeet Tribe*, Case No.: 2017-CR-1609-16010, 2022-AP-15 (Jun. 21, 2023) ("It is hereby ordered that the Blackfeet Court of Appeals is reaffirming the decision of the lower court. Therefore this appeal is DENIED.") The Court concludes that Arocha has alleged sufficient material facts to demonstrate that he has exhausted his tribal remedies before filing the present writ of habeas corpus.

Arocha claims that he was denied effective assistance of counsel guaranteed by ICRA. (Doc. 30 at 7.) Arocha claims that the Blackfeet tribal court sentence was improper under 25 U.S.C. § 1302(c)(3). Arocha was sentenced in 2018 *in absentia* without the presence of counsel. (Doc. 10 at 6.) Arocha was subsequently resentenced in 2022 with counsel present, but the Blackfeet Tribal Court imposed the same sentence it imposed in 2018. (Doc. 10-1 at 39-40.) The only difference in the two sentences is that Arocha received 78 days of credit for time served for the

2022 sentence. (*Id.* at 40.) Judge Carl Pepion sentenced Arocha to one year of incarceration for Count 1, and nine-months of incarceration for Count 2, running consecutively, for a total of 21 months of incarceration. (*See id.*) It is disputed whether Judge Pepion is properly qualified under 25 U.S.C. § 1302(c)(3) to impose a sentence of more than one year. (*Compare* Doc. 24 at 9-10); (Doc. 30 at 9-12.) In light of the conflicting material facts alleged, and considered in the light most favorable to Arocha, the non-moving party, the Court concludes that Arocha has stated a claim that is plausible on its face. Blackfeet Nation has failed to meet the standard for a judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

## ORDER

Accordingly, **IT IS ORDERED:**

1. Blackfeet Nation's Motion for Judgment on the Pleadings (Doc. 24) is **DENIED.**

DATED this 11th day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court