# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| WILLIAM ALBERTO AROCHA JR., <br><br> Plaintiff, <br><br> v. <br><br> BLACKFEET TRIBE, <br><br> Respondent. | **CV-22-115-GF-BMM** <br><br> **ORDER** |

## INTRODUCTION

William Alberto Arocha Jr. ("Arocha") filed an amended petition for habeas corpus by Indian person in tribal custody, pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241(c)(3), on May 2, 2023. (Doc. 10.) Arocha named Cecilia Blackman ("Blackman") and the Blackfeet Tribe ("Blackfeet Nation") as Respondents. (Doc. 10.) Blackfeet Nation filed a substantive response to Arocha's amended petition for writ of habeas corpus on October 31, 2023. (Doc. 36.) The Court grants Arocha's amended petition for writ of habeas corpus.

## FACTUAL BACKGROUND

The facts remain the same as the facts in the Court's previous orders. (Doc. 33); (Doc. 35.) Arocha was convicted of voluntary manslaughter in federal court in *United States v. Arocha*, 4:17-cr-58-BMM-1 ("*Arocha I*"). The Court sentenced

Arocha on September 4, 2018, to 56 months of incarceration, two years of supervised release, a $100.00 special assessment, and $4,271.00 in restitution. *Arocha I* (Doc. 107.)

Arocha was also convicted following a jury trial in Blackfeet Tribal Court of one count of assault and one count of criminal endangerment arising from the same incident ("*Arocha II*"). (Doc. 10 at 2.) The Blackfeet Tribal Court sentenced Arocha to one year of incarceration and a $500.00 fine for the assault charge, nine months of incarceration and a $1,000 fine for the criminal endangerment charge, and $775,000 in restitution. (*Id.*) Arocha was released from his federal sentence on August 31, 2022. (*Id.* at 3.)

The Pine County Sheriff's Department took Arocha into custody upon release from his federal sentence and held him for transportation to Browning, Montana. (*Id.*) From Browning, Arocha was transferred to a carceral institution in Oklahoma. Arocha previously was held in custody in Dewey County Jail, located in Taloga, Oklahoma. Arocha now is being held in the Rocky Mountain Regional Detention Facility in Hardin, Montana. (Doc. 29 at 3.)

The convictions in *Arocha I* and *Arocha II* arose from the same altercation in East Glacier, Montana. (Doc. 10 at 4.) Arocha and Shane LaPlante ("LaPlante") got into an altercation on the night of Arocha's father's wedding. (*Id.*) Arocha stabbed

2

LaPlante in the chest at least once, and then chased LaPlante and stabbed him at least 17 additional times. (*Id.* at 5.) LaPlante died from his injuries. (*Id.*)

Arocha was tried in Blackfeet Tribal Court in *Arocha II* beginning on October 24, 2017. (*Id.*) Arocha was not present for the trial, as he was in federal custody, but he was represented by counsel. (*Id.*) Counsel was present at the trial in Blackfeet Tribal Court. (*Id.*) Arocha was convicted, *in absentia*, on one count of assault and one count of criminal endangerment. (*Id.*) Neither Arocha nor his counsel attended Arocha's sentencing hearing on November 8, 2017. (*Id.* at 6.) Nothing in the record explains counsel's absence. Confusingly, the Blackfeet Tribal Court failed to issue its sentencing order until January 31, 2018. (Doc. 10-1 at 6.) The sentence issued on January 31, 2018, shall be referred to as the "2017 sentence."

Arocha filed a writ of habeas corpus in Blackfeet Appellate Court on September 14, 2022. (Doc. 10 at 7.) Arocha challenged the authority of the Blackfeet Nation to place a hold on his release from federal prison. (*Id.*) The Blackfeet Court of Appeals denied Arocha's petition on the grounds that the Blackfeet Tribal Court's 2017 sentence clearly stated the sentence was "not to run concurrent with the federal sentence." (*Id.* at 8.) Arocha next filed a motion for a new trial, or, in the alternative, for relief from judgment, under Rules 54 and 55(b) of the Blackfeet Rules of Civil Procedure. (*Id.*) The Blackfeet Court of Appeals denied the motion on the grounds

that the Blackfeet Rules of Criminal Procedure, rather than the Blackfeet Rules of Civil Procedure, controlled Arocha's criminal proceeding. (*Id.* at 10.)

The Blackfeet Tribal Court conducted a re-sentencing hearing for Arocha on November 17, 2022. Nothing in the records explains what prompted the Blackfeet Tribal Court to re-sentence Arocha. Arocha and his new counsel attended this second proceeding. The Blackfeet Tribal Court imposed the same sentence on Arocha: one year incarceration and a $5,000 fine for the assault conviction, and nine months incarceration and $1,000 fine for the negligent endangerment conviction, and restitution of $775,000. (*Id.* at 10.) Arocha also received credit for 78 days of time served. (Doc. 22 at 2.) The Blackfeet Tribal Court imposed the carceral sentences to run consecutively for a total of 1 year and 6 months. (Doc. 10 at 10); (Doc. 10-1 at 40.) The record remains unclear how the Blackfeet Tribal Court arrived at the total term of imprisonment of 1 year and 6 months. (*See* Doc. 10-1 at 40.)

## LEGAL BACKGROUND

Arocha filed a petition for writ of habeas corpus on December 13, 2022. (Doc. 1). Arocha's first habeas corpus petition was filed and signed by Yvonne DeMontiney ("DeMontiney"). (*See id.*) DeMontiney also filed a motion for an expedited hearing on December 19, 2022. (Doc. 2.) The Court struck DeMontiney's motion for an expedited hearing on December 27, 2022. (Doc. 3.) The Court directed Arocha to sign the first petition for writ of habeas corpus by January 31, 2023. (*Id.*)

Arocha instead filed a subsequent petition for writ of habeas corpus on January 30, 2023. (Doc. 5.) The second petition was amended and resulted in Arocha's amended petition for a writ of habeas corpus. (Doc. 10.) The Court denied Blackfeet Nation's motion for judgment on the pleadings on October 11, 2023. (Doc. 33.) The Court granted, in part, Blackman's motion to dismiss the petition for writ of habeas corpus on October 18, 2023. (Doc. 35.) Blackfeet Nation is the only Respondent remaining in this action.

## STANDARD OF REVIEW

Section 1303 of Title 25 of the U.S. Code, as part of the Indian Civil Rights Acts ("ICRA"), extends the writ of habeas corpus to any person who challenges the legality of their detention by order of an Indian tribe. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). A court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3).

## DISCUSSION

The Court first will analyze whether Arocha fulfilled the exhaustion requirement before bringing his petition for writ of habeas corpus. The Court will then examine the merits of Arocha's petition for writ of habeas corpus.

**A. Whether Arocha Exhausted Tribal Remedies.**

5

A petitioner generally must exhaust their claims with the appropriate tribal court before turning to federal court. *See, e.g.*, *Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 953 (9th Cir. 1998). The U.S. Supreme Court has determined that "the federal court [should] stay [ ] its hand until after the Tribal Court has had a full opportunity . . . to rectify any errors it may have made." *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 (1985). The exhaustion requirement furthers the congressional goal of "preserving and strengthening Native American cultures by insuring [*sic*] that tribal institutions are not denied the opportunity to resolve tribal disputes or to make tribal policy." *Brisbois v. Tulalip Tribal Ct.*, No. 218CV01677TSZBAT, 2019 WL 1522540, at *4 (W.D. Wash. Feb. 27, 2019), report and recommendation adopted, No. 218CV01677TSZBAT, 2019 WL 1514550 (W.D. Wash. Apr. 8, 2019).

"To determine in any particular case whether these goals will require exhaustion of tribal remedies, a court must first ascertain whether any meaningful tribal remedies exist, and, if so, whether exhaustion will in any way serve the purposes for which it is intended." *Id.* The history of *Arocha II* proves complex. The *Arocha II* sentencing hearing occurred on November 8, 2017. (Doc. 10-1 at 6.) The Blackfeet Tribal Court resentenced Arocha, seemingly *sua sponte*, on November 17, 2022. (*Id.* at 40.) The sentences were the same, except that the 2022 sentence granted Arocha 78 days of credit for time served, and the 2022 sentence totaled the

6

consecutive sentences of 1 year in count one and 9 months in count two to equal a total of 1 year and 6 months of incarceration. (*See id.*) The Court will determine whether Arocha failed to exhaust tribal court remedies for the 2017 sentence, as the records seem to provide no basis for the Blackfeet Tribal Court's resentencing of Arocha in 2022.

The Blackfeet Tribal Law and Order Code, Chapter 11, Section 26, provides in pertinent part: "A writ of habeas corpus may be filed by any person who is detained in the Blackfeet Tribal Jail *before* any hearing on the merits of the charges against him or her." (Emphasis added.) The Blackfeet Tribal Law and Order Code does not appear to provide for a cause of action for a petitioner to challenge their conviction in a collateral proceeding using a writ of habeas corpus after the proceeding has commenced or concluded. (*See id.*) Blackfeet Nation argued this point in its response to Arocha's 2022 petition for writ of habeas corpus in Blackfeet Tribal Court. (Doc. 10-1 at 25-26.) It remains unclear why the Blackfeet Tribal Court summarily denied Arocha's petition for writ of habeas corpus on the merits, as opposed to denying Arocha's use of the vehicle of habeas corpus as being unavailable. (*See id.* at 29.) It appears that Arocha's petition for writ of habeas corpus before the Blackfeet Tribal Court represented an incorrect procedural vehicle based on the plain language reading of Blackfeet Tribal Law and Order Code, Chapter 11, Section 26.

Arocha concedes, and respondents agree, that his claims are procedurally defaulted because Arocha has "raised claims not presented to the Blackfeet Tribal Courts." (Doc. 32 at 3.) Arocha argues, however, that he is able to show cause and prejudice to excuse this default. (Doc. 29 at 16.) The Ninth Circuit has determined that claims may be procedurally defaulted even if they are not exhausted. *See Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011). "For [procedural default and failure to exhaust] the relevant question is whether [petitioner] can show cause and prejudice to excuse the error. If he can, either form of default would be excused." *Id.* at 328. "It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if the error amounted to a deprivation of the constitutional right to counsel." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

Section 1302 of Title 25 of the U.S. Code provides that Indian tribes shall "provide to the defendant the right to effective assistance of counsel at least equal to that guaranteed by the United States Constitution." Arocha has succeeded in establishing cause. Arocha's counsel did not attend the 2017 sentencing. (*See* Doc. 29 at 17-18). The record provides no reason as to why counsel did not attend. The record also contains no information as to why counsel failed to challenge the sentence imposed by the Blackfeet Tribal Court within the time allowed by the Blackfeet Tribal Law and Order Code. (*See id.*) Arocha's counsel instead filed a petition for writ of habeas corpus in Blackfeet Tribal Court more than four years

later in 2022. (*See* Doc. 10-1 at 20-23.) The Blackfeet Tribal Court summarily denied that petition with no discussion or analysis of the merits. (*See id.* at 29.)

Counsel next filed a motion for new trial or, in the alternative, for relief from judgment pursuant to Rules 54 and 55(b) of the Blackfeet Rules of Civil Procedure. (Doc. 29 at 19.) The Blackfeet Tribal Court also summarily denied that motion on the grounds that the Blackfeet Rules of Civil procedure did not apply to Arocha's criminal proceedings. (Doc. 10-1 at 37.) Counsel's failure to attend Arocha's sentencing hearing, the missed deadlines, and the use of incorrect procedural vehicles collectively demonstrates that Arocha was denied the effective assistance of counsel and that counsel's ineffective assistance caused Arocha's claims to be procedurally defaulted.

A court measures prejudice in the context of procedural default by the same standard as set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). Prejudice is established when the petitioner shows that "there is a reasonable probability that, but for the [errors], the result in the proceeding would have been different." *Id.* Arocha has succeeded in establishing prejudice.

A reasonable probability exists that Arocha would have received a different sentence than the one imposed had counsel attended Arocha's 2017 sentencing. Counsel could have presented mitigating evidence or could have argued against the sentence imposed. *See Williams v. Taylor*, 529 U.S. 362 (2000) (trial counsel

ineffective where they failed to investigate and present substantial mitigating evidence to sentencing jury.) Similarly, had counsel filed an appeal in the Blackfeet Court of Appeals following Arocha's 2017 sentence, a reasonable probability exists that the Blackfeet appellate court would have considered the merits of Arocha's appeal in detail. *See Garza v. Idaho*, 586 U.S. \_\_\_, 395 S. Ct. 738 (2019) (attorney ineffective by failing to file a notice of appeal in light of defendant's request). The record is silent as to why Arocha's counsel failed to appeal the 2017 sentence. If the Blackfeet Court of Appeals denied Arocha's hypothetical appeal, counsel could have then sought a writ of habeas corpus in U.S. District Court.

Counsel admittedly did file a petition for writ of habeas corpus in Blackfeet Tribal Court on September 14, 2022. (Doc. 10-1 at 22.) The petition for writ of habeas corpus raised only one issue: that the Blackfeet Tribal Court's sentence should be presumed to have run concurrently with the Court's sentence in *Arocha I*. (*Id.* at 21.) This petition for writ of habeas corpus was summarily denied on the grounds that "[t]he Blackfeet Tribal Court Order It [*sic*] states 'NOT TO RUN CONCURRENT WITH THE FEDERAL SENTENCING.'" (*Id.* at 29) (emphasis original.) Multiple avenues existed to challenge Arocha's 2017 sentence. Those avenues were subsequently foreclosed when counsel failed to attend the 2017 sentencing, failed to file a timely appeal of the 2017 sentencing, and filed a writ of habeas corpus only in Blackfeet Tribal Court in 2022.

10

The Court relieves Arocha of his duty to exhaust tribal court remedies in this case. Exhaustion is not required because the purposes of the exhaustion requirement, comity and "preserving and strengthening Native American cultures by insuring [*sic*] that tribal institutions are not denied the opportunity to resolve tribal disputes or to make tribal policy," would not be advanced. *See Brisbois*, 2019 WL 1522540, at *4. Arocha has no vehicle by which to bring his ICRA, ineffective assistance of counsel, due process, and equal protection claims in Blackfeet Tribal Court. *See Wounded Knee v. Andera,* 416 F. Supp. 1236, 1239 (D.S.D. 1976) ("[A] Petitioner need not go through the motions of exhaustion if he or she proves that resort to remedies provided by the tribe would be futile. . . . If a tribal remedy in theory is non-existent in fact or at best inadequate, it might not need to be exhausted.") (citations omitted.) It appears that the writ of habeas corpus in Blackfeet Tribal Court is limited only to actions brought before any hearing on the merits. Blackfeet Tribal Law and Order Code, Chapter 11, Section 26. Arocha could have pursued an appeal of the 2017 sentencing, but counsel failed to file an appeal within the time allowed. "That remedies are available in theory, but not infact, is not synonymous with failure to exhaust remedies. That ineffective and meaningless procedures were available to petitioner does not preclude his seeking a writ of habeas corpus." *U. S. ex rel. Cobell v. Cobell*, 503 F.2d 790, 794 (9th Cir. 1974)

Arocha procedurally defaulted on his ICRA, ineffective assistance of counsel, due process, and equal protection claims. Arocha's demonstration of both cause and prejudice excuses this procedural default. The Court will reach the merits of Arocha's petition for writ of habeas corpus.

### B. Merits of Arocha's Petition for Writ of Habeas Corpus.

Arocha raises four claims in his amended petition for writ of habeas corpus: 1) that his right to be tried and sentenced before a judge who is licensed to practice law as required by 25 U.S.C. § 1302(c)(3) was violated; 2) that his sentence violates 25 U.S.C. § 1302(c)(1) and (2) because he was not represented by counsel when it was imposed; 3) that he was deprived of the effective assistance of counsel guaranteed by 25 U.S.C. § 1302(c)(1); and 4) that he was denied his rights to equal protection and due process as guaranteed by 25 U.S.C. 1302(a)(8). (*See* Doc. 10.) The Court need not analyze all Arocha's claims because it determines that his 2017 sentence violates 25 U.S.C. § 1302(c)(1) and (2), and the 2022 resentencing did not cure that violation.

Section 1302(c)(1) provides that "[i]n a criminal proceeding in which an Indian tribe, in exercising powers of self-government, imposes a total term of imprisonment of more than one year on a defendant, the Indian tribe shall . . . provide to the defendant the right to effective assistance of counsel at least equal to that guaranteed by the United States Constitution." 25 U.S.C. § 1302(c)(1). Arocha's

2017 sentence of 21 months of incarceration implicates the protections of section 1302(c)(1) because its cumulative total exceeded one year. "Once it attaches, the right to counsel under the Sixth Amendment applies to all critical stage[s] of the prosecution." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citations omitted). Sentencing represents a critical stage for Sixth Amendment purposes. *See United States v. Hamilton*, 391 F.3d 1066, 1070-71 (9th Cir. 2004) (citations omitted).

Arocha was not present during his 2017 sentencing, as he was in federal custody pursuant to his conviction in *Arocha I*. It is undisputed that counsel did not attend Arocha's 2017 sentencing. (Doc. 10 at 15-16.) The presence of legal counsel during sentencing proceedings long has been recognized as essential to the preservation of constitutional rights. *See Wilfong v. Johnston*, 156 F.2d 507, 510 (9th Cir. 1946) ("We conclude that because of the failure of petitioner to be represented by counsel at the time of the pronouncement of judgment and sentence he was deprived of a constitutional right and, therefore, the judgment and sentence is void."); *see also Boggess v. Boles*, 251 F. Supp. 689, 692 (N.D.W. Va. 1966) ("[I]t appears that federal courts, . . . have disfavored the imposition of sentence in the absence of counsel, both by federal and by state tribunals.") Arocha's right to counsel was violated when he was sentenced, in 2017, *in absentia* and without counsel present. *Wilfong*, 156 F.2d at 510.

Blackfeet Nation argues that Arocha's 2022 resentencing cured any defects in Arocha's 2017 sentencing. (Doc. 36 at 9.) Arocha appeared at the 2022 resentencing and was represented by counsel. (*Id.*) Blackfeet Nation's contention proves unpersuasive. The Tribal Court record is complex. The Blackfeet Tribal Court, seemingly *sua sponte*, resentenced Arocha on November 17, 2022. (*See* Doc. 10-1 at 39); (Doc. 10-1 at 40.) The Blackfeet Tribal Court resentenced Arocha after having denied Arocha's petition for writ of habeas corpus and Arocha's motion for a new trial or, in the alternative, for relief from judgment. (*See id.* at 20-37.) No explanation for Arocha's 2022 resentencing has been found in the record or has been provided by the parties. Blackfeet Nation contends that the 2022 resentencing was done to "correct any error." (Doc. 36 at 9.) Blackfeet Nation points to no rationale or procedural vehicle that authorized the 2022 resentencing. (*See id.*)

The 2022 resentencing mirrors the 2017 sentence, except that Arocha received 78 days of credit for time served, and that the Blackfeet Tribal Court calculated the total of 1 year and 9 months to be 1 year and 6 months, or 18 months of incarceration. (*Compare* Doc. 10-1 at 40); (Doc. 10-1 at 5-6.) The apparent *sua sponte* 2022 resentencing fails to cure the defects in the 2017 sentence because it appears to be a mechanism by which the Blackfeet Tribal Court sought to validate the improperly imposed 2017 sentence after the fact. The outcome of the 2022 resentencing suggests that it was predetermined that the 2022 resentencing would result in Arocha

receiving the same sentence. Blackfeet Nation describes repeatedly the 2022 resentencing as "correct[ing] any error." (*See, e.g.*, Doc. 36 at 9.) Further supporting this conclusion is the fact that Blackfeet Nation argues that nothing Arocha's counsel could say or argue at sentencing would change the fact that "Arocha ran down [LaPlante] from behind and cowardly stabbed him seventeen (17) times until he died from the attack, which deservingly resulted in the maximum sentence for assault and criminal endangerment under Blackfeet Law." (*Id.* at 8.)

## Order

Accordingly, **IT IS ORDERED:**

1. Arocha's Amended Petition for Writ of Habeas Corpus (Doc. 10), pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241(c)(3), is **GRANTED**.

2. The Court orders that Arocha be released from incarceration within seven days to allow for Arocha to arrange for transportation.

3. Arocha is ordered to contact U.S. Probation within 72 hours of his release.

DATED this 8th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court